JAMES J. BUCKLEY V. STATE OF NEBRASKA.

FILED MAY 24, 1907. No. 14,870.

1. Criminal Law: EVIDENCE. The positive testimony of one apparently credible witness identifying the defendant as the perpetrator of the crime may be sufficient to support a conviction, when the defendant is shown by other witnesses to have been in the vicinity of the commission of the crime at the time it was committed, and there is no explanation of his presence there, and the corpus delicti is clearly proved.

2. Robbery: PENALTY. The statute defining the crime of robbery gives the court a large discretion in fixing the punishment. This discretion is to be exercised according to the aggravation of the crime committed. It was not contemplated by the legislature that the extreme penalty allowed by the statute should be imposed for the first offense, when any mitigating circumstances are shown in the evidence.

ERROR to the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. Affirmed as modified.

John W. Cooper and A. G. Wolfenbarger, for plaintiff in error.

W. T. Thompson, Attorney General, Grant G. Martin and A. G. Murdock, contra.

SEDGWICK, C. J.

The defendant in the district court for Douglas county was convicted of the crime of robbery as defined in section 13 of the criminal code. He complains of two principal matters in which he contends that the judgment of the trial

court was erroneous. First: That the verdict against him is not supported by the evidence; and, second, that his punishment is excessive.

1. The first contention is based mainly upon the lack of evidence, as he thinks, to identify him as the person who committed the crime. On the evening of November 9, 1905, Mr. Healey was alone in his saloon in South Omaha, when two men entered. One of them presented a revolver and commanded Mr. Healey to hold up his hands. Mr. Healey was overawed and at once complied, and, while he was so under the control of the man with the revolver, the other stranger took the money from the register, amounting to about $9, and, after warning Mr. Healey that if he gave alarm within ten minutes he would be killed, they left with the money they had secured. Mr. Healey identified the defendant as the man who threatened him with the revolver. He is very positive in this testimony, and appears, so far as the evidence contained in the record shows, to have been a fair and intelligent witness. He is to some extent supported in this identification by several witnesses, one of whom testifies that he left Mr. Healey's saloon a few minutes before the time that Mr. Healey testifies that the robbers entered. This witness testifies that, as he went out of the door of the saloon, he passed two men whom he describes substantially as the two men are described by Mr. Healey, and he positively identified this defendant as one of these two men. There was an electric street light in front of the saloon door, from 50 to 75 feet distant, and the witness obtained a fair view of the personal appearance and the countenance of the man who he is certain was this defendant. The record discloses no reason for rejecting the testimony of these witnesses, nor for concluding that the jury ought not to have believed them, and, if this evidence is believed, it was sufficient, supported as it was by that of several other witnesses, to justify the conviction. We are satisfied that this verdict ought not to be set aside for want of evidence to support it.

2. The conviction, as before stated, was under section 13 of the criminal code. The punishment prescribed for the crime there defined is "imprisonment in the penitentiary not more than fifteen nor less than three years." This defendant was given the extreme penalty allowed by law. The legislature has left a wide margin for the exercise of discretion by the trial court. The defendant is a man nearly 50 years of age. So far as the evidence discloses this is his first serious offense. The record shows that he had been in jail shortly before this crime was committed, but for what offense, if any, is not shown. The statute defines this crime in these words: "If any person shall forcibly, and by violence, or by putting in fear, take from the person of another any money or personal property, of any value whatever, with the intent to rob or steal." The statute contemplates various degrees of guilt in the crime of robbery, calling for punishment varying from three years in the penitentiary to five times that length of time. Was the offense committed by this defendant of the most aggravated nature possible? If so, the punishment imposed was contemplated by the legislature when the statute was enacted. The crime committed was by no means of so trifling a nature as appears to be contended in the brief of defendant's counsel. The conduct of the defendant, as described by the complaining witness, indicates a dangerous man. If he was without prior experience in crimes of this character, he evidently had thoroughly considered his course of procedure in executing it. There was no hesitation or delay on his part, and, when they had secured the money, they cursed Mr. Healey because the amount was so small, and debated between themselves the propriety of killing him then and there. The crime of robbery has always been considered a serious and aggravated offense. To trespass upon the property of another, to interfere with his personal liberty, to threaten his life under circumstances that make it seem probable that the threat will be executed, to steal his property, and to gain possession of his money for that purpose

by a combination of these crimes, constitutes this crime of robbery, which society has always considered to call for severe punishment. But the crime was not of the most aggravated form of robbery possible. The amount stolen was small. The crime was committed in a business place, and not in a dwelling house, and no actual injury was done either to the person or property of the complaining witness except the taking of the small amount of money. To a man of nearly 50 years of age, imprisonment in the penitentiary for 15 years is a terrible punishment indeed. It is virtually imprisonment for life. Such severe sentences, more than anything else, tend in after years to arouse public sympathy for the criminal, which sometimes leads to the unreasonable exercise of the pardoning power. Nothwithstanding the confidence we have in the discretion of the trial judge who heard the evidence in this case, we believe that this sentence ought to be reduced. There have undobutedly been convictions of the crime of robbery calling for less punishment than this, but there have been many in which the crime was much more serious, as the records of this court will show.

The sentence is reduced to imprisonment in the penitentiary for ten years, and the judgment so modified is affirmed.

JUDGMENT ACCORDINGLY.