HARRY THOMPSON V. STATE OF NEBRASKA.

FILED JULY 7, 1921.  No. 21799. ·

Homicide: INFORMATION: INSTRUCTIONS. An information charging defendant with a homicide committed in the perpetration of or attempt to perpetrate a robbery, under section 8581, Rev. St. 1913, charges only murder in the first degree, and it is error for the trial court to instruct the jury that they may find defendant guilty of murder in the first degree, guilty of murder in the second degree, or guilty of manslaughter.

ERROR to the district court for Stanton county: WILLIAM V. ALLEN, JUDGE. *Reversed.*

*G. A. Eberly* and *John A. Ehrhardt,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

Heard before MORRISSEY, C.J., DAY, DEAN, FLANSBURG, LETTON and ROSE, JJ.

MORRISSEY, C.J. .

. Defendant Thompson prosecutes error from a conviction for manslaughter in the district court for Stanton county.

The information filed contained several counts, but, on motion of defendant to require the state to elect on which count the prosecution should proceed, the state elected to stand upon count two, which charged defendant with the murder of Dayton T. Chambers while defendant was attempting to perpetrate a robbery. The brief makes a number of assignments of error, but they are all directed

to the one point, namely, the sufficiency of the information to sustain the verdict. It is claimed that the information charged defendant with the crime of murder in the first degree only; that it did not contain a charge of manslaughter, and therefore the court erred in submitting that charge to the jury.

By way of argument it is said: No man can rightfully be convicted of an offense, even though the court has jurisdiction over his person and has a general jurisdiction of crimes, unless he is charged with the crime of which he is convicted. We are cited to the rule heretofore announced in *Morgan v. State,* 51 Neb. 672, and *Rhea v. State,* 63 Neb. 461.

In *Morgan v. State, supra,* defendant was charged with murder while attempting to commit rape, and the court held that it was proper to instruct that murder in the second degree and manslaughter were not included in that count of the information.

In *Rhea v. State, supra,* the information charged murder committed in the perpetration or attempted perpetration of a robbery, and the court reexamined *Morgan x. State, supra,* adhered to the rule there announced, and said:

"Homicide committed in the perpetration or attempt to perpetrate any rape, arson, robbery or burglary is by section 3 of the Criminal Code declared murder in the first degree. The turpitude of the act is, in the exceptional cases mentioned in the statute, made to supply the place of deliberate and premeditated malice, while a purpose to kill is conclusively presumed from the intention which is the essence of the enumerated felonies."

The issue raised appears to be settled by the two cases heretofore cited. Under the rule the death penalty has twice been inflicted. Since its announcement several sessions of the legislature have been held, but the law-makers have not seen fit to change it. We are bound by the rule announced, and the judgment is

REVERSED.