### FRANCIS SOUTH v. STATE OF NEBRASKA.

FILED DECEMBER 31, 1923.   No. 23385.

1. Criminal Law: IMPANELING JURY: REVIEW. Preliminary proceedings relating to the calling and impaneling of a jury and to the qualification of jurors are not reviewable in the supreme court, where the bill of exceptions fails to disclose the facts on which the presiding judge acted in making his rulings.

2. ———: CHANGE OF VENUE: DISCRETION OF COURT. The conviction of accused in a criminal prosecution will not be reversed

for failure to grant a change of venue, unless the record shows an abuse of discretion in the overruling of the motion therefor.

3. ———: WITNESSES: PROVINCE OF COURT. In a criminal prosecution, the conduct of the trial judge in asking a witness questions, in limiting the examination of witnesses and in voluntarily directing witnesses not to answer questions propounded by counsel is not erroneous, when confined strictly to orderly procedure, to the proper ascertainment of issuable facts, to the exclusion of inadmissible or unnecessary testimony, to the preventing of objectionable repetition and to the observance by counsel of recognized rules of evidence.

4. ———: TRIAL: USE OF SHACKLES. Accused in a criminal prosecution should be free from shackles during his trial unless they are necessary to prevent violence or escape, but this rule does not extend to his custody outside of court.

5. ———: ———: DIRECTING USE OF SHACKLES. During the trial in a prosecution for murder, a general order by the trial judge, in presence of the jury, directing the sheriff and the chief of police to use handcuffs in the jail, while taking precautions to prevent the escape of prisoners, is not necessarily an error entitling accused to a new trial in the event of a conviction.

6. Homicide: MURDER IN FIRST DEGREE. Homicide in committing, or in attempting to commit, a robbery is declared by statute to be murder in the first degree, the turpitude of the felonious act of robbery taking the place of deliberate and premeditated malice, and the purpose to kill being conclusively presumed from the criminal intention constituting the essence of robbery. Comp. St. 1922, sec. 9544; *Morgan v. State,* 51 Neb. 672.

ERROR to the district court for Gage county: LEONARD W. COLBY, JUDGE. *Affirmed.*

*Lloyd Crocker,* for plaintiff in error.

*O. S. Spillman, Attorney General, Lloyd Dort* and *H. F. Mattoon, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, DAY and GOOD, JJ.

ROSE, J.

In a prosecution by the state in the district court for Gage county, Francis South, defendant, was accused of mur-

der in the first degree. It was charged in the information that defendant, in attempting in Beatrice to rob Charles Wolf of $63, struck him on the head with a blunt instrument November 29, 1922, and that as a result of the assault he died December 2, 1922. Defendant pleaded not guilty and upon a trial of the case he was convicted of murder in the first degree, the jury fixing his punishment at imprisonment for life. The district court pronounced sentence on the verdict. Defendant, as plaintiff in error, presents for review the record of his conviction.

Invalidity of the proceedings resulting in the calling of the jury, failure to quash the panel and disqualification of jurors were propositions argued in the brief of defendant and presented orally at the bar. In these respects the record does not disclose error. The showing upon which the trial court acted in ruling against defendant on preliminary questions was not preserved in the manner required by statute. The affidavits upon which defendant relies are not in the bill of exceptions. The preliminary examination of jurors and the rulings relating to their qualifications do not appear in the record. There is no complaint of misconduct by any juror during the trial. Through mercy of the jury defendant escaped the penalty of death. When the evidence is considered with the verdict there is no reasonable inference that any juror was prejudiced or disqualified. The presumption of regularity in calling, selecting and impaneling jurors prevails in absence of an affirmative showing to the contrary.

Defendant challenges as error the overruling of a motion for a change of venue, but there is nothing to indicate an abuse of discretion in this respect, the showing in support of the motion not appearing in the record in a form to be considered.

Some of the assignments of error are directed to the conduct of the trial judge in interrupting counsel by interrogating the witness on the stand, by limiting the examination of witnesses and by directing witnesses not to answer questions to which no objections were made. An

examination of a group of assignments relating to these
subjects fails to show any error. The criticised questions,
rulings and remarks of the trial judge were confined to
orderly procedure, to the proper ascertainment of issuable
facts, to the exclusion of testimony having no bearing on
the issues, to the unnecessary repetition of details already
stated, and to the observance by counsel of recognized rules
of evidence. In these particulars the rights of defendant
were carefully protected. There was no general examina-
tion by the trial judge of any witness. No ruling has been
found which deprived defendant of the benefit of any ad-
missible proofs tending to throw light on his defense. It is
equally clear that the evidence adduced by the state to
prove the charge was confined to proper bounds. Unten-
able assignments of error relating to rulings on evidence
were multiplied to an extent precluding a separate discus-
sion of each, but all have been considered without finding
a prejudicial error.

An assignment of error argued at considerable length pre-
sents for review extraneous remarks from the bench during
the trial. After the state had made its case in chief by
evidence tending to prove that defendant had participated
in a shocking homicide while attempting to rob his victim
of a roll of currency, the trial judge, in the presence of the
jury, addressed the sheriff of Gage county and the chief of
police of Beatrice as follows:

"I want you two to act in conjunction and I wish you
would remove all prisoners from the lower floor and hand-
cuff those for whom you have sufficient handcuffs, and make
a careful examination of each bar on the lower floor and
see how many have been sawed off, varnished and covered
over, and see to the condition of all the bars on the lower
floor, and you can do this best by removing all prisoners
up to the upper floor. It is quite important because we don't
want to have any jail delivery or any outside influences come
here into this county to relieve this county of any prisoners
that have been convicted or are on trial, and I ask that you
act in conjunction in this matter."

The necessity for the precautions thus directed will be presumed, since there is nothing to indicate the contrary, but there does not seem to be any justification for disclosing to the jury the views of the presiding judge on the necessity for the use of handcuffs in the jail or on the proper means to prevent the escape of prisoners. Should a new trial be granted on this ground? The law seems to be that accused in a criminal prosecution should be free from shackles during his trial unless they are necessary to prevent violence or escape, but this rule does not extend to his custody outside of court. 16 C. J. 819, sec. 2075. The directions to the police officers did not require the use of handcuffs in court. The use of shackles in conducting to and from court a prisoner accused of murder, or in inspecting a prison, is a reasonable precaution. The presiding judge had in mind general conditions relating to the prison and the prisoners therein. No direct reference to defendant was made. The police officers, not the jury, were addressed. The jury as sensible men would naturally see the situation in its true light. The subsequent charge of the court to the jury themselves not only required them to decide the case on the evidence, but went further and directed them not to construe any act or ruling of the judge as an intimation of his opinion as to the innocence or guilt of defendant. The record as a whole does not seem to justify the inference that the jury were misled or the defendant prejudiced by the remarks assailed. The evidence of guilt was too convincing to suggest a resort by the jury in deliberating on their verdict to the extraneous orders directed by the presiding judge to the sheriff and the chief of police. The conclusion is that defendant is not entitled to a new trial on this ground.

In argument it is said defendant did not intend to kill Charles Wolf, and that the deliberate and premeditated malice essential to murder in the first degree was not proved. There is evidence that defendant united with two older malefactors in a common purpose to rob Wolf of a roll of currency carried by him on his person, that in the

attempt to commit the robbery Wolff was fatally struck on the head with a blunt instrument, and that the sum of $54 was taken from him and distributed equally among the three robbers. There is evidence also that defendant participated directly in the robbery. Afterward there was human blood on his garments. This fact was shown by a scientific analysis in connection with oral testimony. The circumstances proved, when considered with the oral testimony of witnesses, justified the jury in finding defendant guilty of murder in the first degree beyond a reasonable doubt. Homicide in committing, or in attempting to commit, a robbery is declared by statute to be murder in the first degree, the turpitude of the felonious act of robbery taking the place of deliberate and premeditated malice, and the purpose to kill being conclusively presumed from the criminal intention constituting the essence of robbery. Comp. St. 1922, sec. 9544; *Thompson v. State*, 106 Neb. 395; *Rhea v. State*, 63 Neb. 461; *Morgan v. State*, 51 Neb. 672. Within the meaning of the statute all elements of murder in the first degree were proved.

Assignments relating to rulings in excluding or in admitting evidence have been considered in detail without finding an error entitling defendant to a reversal of his conviction. The instructions as a whole are free from error. Finding no prejudicial error in the record the judgment is

AFFIRMED.