JOHN CHERPINSKY ET AL. V. STATE OF NEBRASKA.

FILED NOVEMBER 24, 1931. No. 28073.

*H. F. Barnhart* and *Bernard A. Brown,* for plaintiffs in error.

*C. A. Sorensen, Attorney General,* and *Homer L. Kyle, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

Plaintiffs in error, hereinafter called defendants, were convicted of the offense of robbery from the person, and were sentenced to imprisonment in the state penitentiary for a term of 23 years. Defendants bring to this court for review the record of their conviction.

Defendants contend that the evidence is insufficient to sustain the verdict, on the ground that they were not sufficiently identified as the perpetrators of the robbery. The following pertinent facts are established:

August Tews was the assistant manager of Paramount Publix Corporation and, as such, was a custodian of money and property of the corporation to the extent of $1,232.55, which funds were kept by him in a safe in a building in Norfolk, Nebraska. In the forenoon of the day of the robbery, the janitor of the building was attacked by two men, bound with wire, forced to go into the room in which the safe was situated, and a rain coat was thrown over his head. Shortly thereafter Mr. Tews arrived. He was also attacked and forced, at the point of pistols, held by each of the men, to enter the same room, open the safe, take therefrom the said funds, and hand them over to the robbers. The janitor testified that defendants were the persons who committed the robbery. There was other evidence to the effect that he had stated to other persons, outside of court, that he was unable to identify defendants, or was uncertain as to whether they were the persons. However, Mr. Tews was positive in his testimony and identified defendants as the robbers.

The question was one of fact for the determination of the jury. The positive testimony of one credible witness, identifying defendant as the perpetrator of a crime of this character, is sufficient, if believed, to support a conviction. *Schultz v. State,* 88 Neb. 613; *Buckley v. State,* 79 Neb. 86. The evidence was sufficient, if believed by the jury, to establish the identity of the defendants as the perpetrators of the crime.

It is contended that the verdict is contrary to law, in that it was not supported by testimony that the money was taken directly from the person of Mr. Tews. It is not essential to a conviction for robbery that the money or property be actually taken from the person of the victim of the robbery. It is sufficient in that respect if it be taken from his personal presence or personal protection by force or by putting him in fear. *Hill v. State,* 42 Neb. 503; *People v. Covelesky,* 217 Mich. 90.

In 23 R. C. L. 1142, sec. 7, it is said: "It is often stated that an essential and distinguishing characteristic of robbery is the fact that the felonious taking must be from the person of another, but, by the great weight of authority, the words 'taking from the person of another,' as used in connection with the common-law definition of robbery, are not restricted in application to those cases in which the property taken is in actual contact with the person of the one from whom it is taken, but include within their meaning the taking by violence or intimidation from the person wronged, in his presence, of property which either belongs to him or which is under his personal protection and control. And where such words have been incorporated into statutes defining robbery, they have received the same construction. In this connection the preposition 'from' does not convey the idea of contact or propinquity of the person and property. It does not imply that the property is in the actual or immediate presence of the person. The thought of the statute, as expressed in the language, is that the property must be so in the possession or under the control of the individual robbed that violence or putting in fear was the means used by the robber to take it. If it is away from the owner, yet under his control, for instance in another room of the house, or in another building on his property, it is nevertheless in his personal possession; and, if he is deprived thereof, it may well be said it is taken from his person. Goods are called personal property in the law, and presumed to accompany the person. If taken from the owner, this relation of owner

and property is sundered, and the goods are separated from the person, and this essential element of the offense is established."

In 54 C. J. 1015, it is said: "At common law it is not necessary that the property should be taken from the physical person of the victim, the requirement that it be taken from his 'person' being satisfied if it is taken from his 'presence.'

"The requirement of a taking from the person is satisfied by a taking from the presence under statutes defining robbery as a felonious and forcible taking from the 'person.' * * * It is not necessary that the property taken should have been in actual contact with the person of the victim."

In the present case, the money was actually taken from the person of Mr. Tews. By violence and threats he was forced to open the safe, to take therefrom, with his own hands, the money, and to hand it to defendants, or put it in an open receptacle in defendants' possession. The evidence is sufficient to show that the crime, as charged, was actually committed by the defendants.

It is further argued that the sentence is excessive, and this court is asked to reduce it in the event that a new trial is not granted. The statute provides a maximum penalty of 50 years for the offense. It is a well-known fact that criminals, engaged in committing crimes of this character, are potential murderers. Defendants were armed with deadly weapons, prepared to use and doubtless would have used them, had it been necessary to carry out their evil designs. No mitigating circumstances are shown. One of the defendants had been previously convicted of a felony. While the sentence is severe, the offense was one demanding severity of punishment. Under the facts disclosed, we are unable to say that the sentence imposed is excessive.

No error has been found in the record. The judgment is

AFFIRMED.