STATE OF NEBRASKA, APPELLEE, v. WILLIAM HENRY KAUFFMAN, APPELLANT.
STATE OF NEBRASKA, APPELLEE, v. WALTER EDWARD FRANS, APPELLANT.
164 N. W. 2d 469

Filed January 31, 1969. Nos. 37065, 37066.

William Henry Kauffman and Walter Edward Frans, pro se.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and WILLIAM C. SMITH, JR., District Judge.

WHITE, C. J.

This is an appeal in a post-conviction proceeding, denying relief to the defendants from a conviction and sentence by a three-judge court to life imprisonment for first degree murder. We affirm the judgment of the district court denying relief.

These were prosecutions under section 28-401, R. R. S. 1943, providing that whoever in the perpetration of a robbery, shall kill another, shall be deemed guilty of murder in the first degree. The defendants in their brief raise only one issue, that there was no evidence of intent to kill or premeditation. The victim of the robbery was bound, gagged, died from suffocation, and was not found until several days after the robbery. It is also true that the record reveals no intent to kill, deliberation, or premeditated malice. Such elements are unnecessary to prove or show in a prosecution under section 28-401, R. R. S. 1943. The turpitude involved in the robbery takes the place of intent to kill or premeditated malice, and the purpose to kill is conclusively presumed from the criminal intention required for robbery. Wilson v. State, 170 Neb. 494, 103 N. W. 2d 258; Garcia v State, 159 Neb. 571, 68 N. W. 2d 151; Rogers v. State, 141 Neb. 6, 2 N. W. 2d 529; Swartz v. State, 118 Neb. 591, 225 N. W. 766; South v. State, 111 Neb. 383, 196 N.

W. 684; Keezer v. State, 90 Neb. 238, 133 N. W. 204; Rhea v. State, 63 Neb. 461, 88 N. W. 789; State v. Hall, 176 Neb. 295, 125 N. W. 2d 918.

Giving maximum range to the somewhat uncertain contentions raised in their briefs, there is no question that the states have the right to define and punish such an offense under the United States Constitution. Duggan v. Olson, 146 Neb. 248, 19 N. W. 2d 353. No contention is made of the lack of due process. The judgment of the district court is correct and is affirmed.

AFFIRMED.