STATE OF NEBRASKA, APPELLEE, v. BILLY R. TORRENCE, APPELLANT.

219 N. W. 2d 772

Filed July 5, 1974. No. 39200.

Duane L. Nelson, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant appeals from a conviction for possession of heroin with intent to distribute.

The defendant was arrested on April 6, 1973, as a result of a raid by the police at a residence at 3611 Seward Street in Omaha, Nebraska. When the police entered the house the defendant was in the living room crouching down near a davenport. There were other persons in the house but no other person was in the living room except the defendant. A large quantity of heroin was found on a table in the dining area which was a part of the living room. The defendant's jacket was on a chair beside the table. It was apparent a packaging operation had been in progress when the raid took place. Small squares of aluminum foil each containing a spoonful of diluted heroin were on the table and being folded. The defendant's fingerprint was found on a sheet of glass which was being used in the packaging operation. The evidence was clearly sufficient to sustain the finding of the jury.

The defendant's principal assignments of error relate to the validity of the search warrant which was the basis

for the raid. A motion to suppress the evidence obtained as a result of the warrant was overruled before the trial commenced.

The affidavit upon which the warrant was issued alleged the defendant had been under investigation by the narcotics unit of the Omaha police division for the past 6 months and that the police had information heroin was being diluted and packaged for distribution by the defendant at 3611 Seward Street in Omaha, Nebraska. The affidavit stated the information alleged therein had been obtained by police surveillance of the defendant, particularly within the preceding 24 hours; from a druggist who had sold large quantities of Dormin (a dilutant) to the defendant on April 4, 1973; from an agent of the Bureau of Narcotics and Dangerous Drugs; and from an unidentified informant. The information supplied by the unidentified informant related to the general method of operation of the defendant in the "cutting" or dilution of heroin as a part of the packaging and distribution process. The specific information relating to time and place came from the other sources.

The affidavit alleged the informant had a "personal relationship" with the defendant. The affidavit stated the informant had given information in a previous case which had resulted in an arrest for possession of heroin and cocaine on January 14, 1973. This was a factual basis upon which the informant's reliability could be determined. The affidavit was sufficient to support the issuance of the warrant. See, United States v. Harris, 403 U. S. 573, 91 S. Ct. 2075, 29 L. Ed. 2d 723; State v. Rice, 188 Neb. 728, 199 N. W. 2d 480.

The defendant's pretrial motion to disclose the name of the unidentified informant was overruled. Where the identity of an informer is relevant and helpful to the defense, disclosure may be compelled. Because of the nature of the evidence used by the State, the identity of the informer was not relevant to the defense against the

charge of possession of heroin with intent to distribute. The trial court was not required to order a disclosure of the identity of the informant. See, McCray v. Illinois, 386 U. S. 300, 87 S. Ct. 1056, 18 L. Ed. 2d 62; United States v. Harris, *supra.*

After the defendant had been arrested and handcuffed, but before he had been removed from the house at 3611 Seward Street, he was struck on the head by an officer using a nightstick. The striking was not necessary to subdue or control the defendant who had been cooperative, and apparently was the result of a misunderstanding by the officer involved. Shortly thereafter Officer Parker said to the defendant: "Billy, I have been trying to get you for three years and I think I got you." The defendant replied: "You got me good, Mr. Parker." The defendant contends the statement was not admissible in the absence of a prior explanation of his right to remain silent.

In Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A. L. R. 3d 974, the United States Supreme Court held specifically that volunteered statements of any kind are admissible without prior explanation of the defendant's rights. The defendant's reply was equivocal, but in any event it was spontaneous and voluntary in nature and not the result of interrogation. The objection was properly overruled.

On redirect examination the State was allowed to ask Officer Miller, over objection, why the police had not used their radio. Officer Miller answered: "Well, I received information from a party that worked on the North Side that Mr. Torrence had a Police monitor and did receive our radio calls." A motion to strike the answer was sustained and the jury was directed to disregard the statement. A motion for a mistrial was overruled. Striking the answer from the record and admonishing the jury was sufficient. The defendant was not entitled to a mistrial.

The defendant further contends he should have been granted a change of venue because pretrial publicity prevented him from having a fair trial. The voir dire examination of the jury showed that of the jurors selected to try the case, most had not been exposed to pretrial publicity to any appreciable extent. Of the jurors selected, all declared under oath they would not be influenced by what they had read or heard and would base their verdict solely on the evidence.

It is not required that jurors be totally ignorant of the facts and issues involved. It is sufficient if a juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court. See Irvin v. Dowd, 366 U. S. 717, 81 S. Ct. 1639, 6 L. Ed. 2d 751.

We have examined the other assignments of error and find them to be without merit. The judgment of the District Court is affirmed.

AFFIRMED.