STATE OF NEBRASKA, APPELLEE, V.
WILLIE AMMONS, APPELLANT.

305 N.W.2d 812

Filed May 15, 1981. No. 43514.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The defendant appeals from a sentence to imprisonment for 16 2/3 to 50 years for robbery and a consecutive sentence of 5 to 10 years for use of a firearm to commit a felony. The assignments of error are that the evidence was insufficient to sustain the conviction; the trial court erred in failing to sustain the defendant's motion for a mistrial; in refusing to permit the defendant to introduce expert evidence as to the unreliability of eyewitness identification; and in refusing to grant immunity to a defense witness.

The evidence shows that on December 13, 1979, the defendant and an unidentified companion entered the Safeway store at 5755 Redick Avenue in Omaha, Nebraska, and at gunpoint took approximately $12,000 in cash from the safe and cash drawers in the office or check cashing booth in the store. The manager of

the store, who was forced to open the safe by the defendant, positively identified the defendant at the trial as the person who committed the robbery.

The defendant was arrested 6 days later. The officer who made the arrest was asked on direct examination if he had occasion to go to the City National Bank in Omaha on that day. The officer replied that the police had received information that a suspect wanted in regard to the robbery "was currently at the parole office up there." No objection or motion to strike was made at that time, but after the State had rested, the defendant moved for a mistrial because the witness had testified the defendant was arrested at the parole office. The defendant argues that this prevented him from having a fair trial because it implied that he had a criminal record.

The trial court felt that the evidence as to the place of arrest was harmless because there were a number of reasons why the defendant might be at the probation office and the statement of the witness did not necessarily imply that the defendant had been previously convicted of a crime. A motion for a mistrial is addressed to the sound discretion of the trial court, and its ruling will not be disturbed in the absence of a showing of an abuse of discretion. *Kenyon & Larsen v. Deyle*, 205 Neb. 209, 286 N.W.2d 759 (1980). The ruling was within the discretion of the trial court, and the failure to grant a mistrial was not an abuse of discretion.

The defendant contends the evidence was not sufficient to support the finding of guilty because the identification of the defendant as the robber was based upon the testimony of only one eyewitness to the crime. The defendant argues that corroborative evidence should be required where the identification of the person who committed the crime is based on the testimony of a single eyewitness.

It has long been the rule in this state that except in certain crimes such as sexual assault, a conviction may

rest upon the testimony of a single eyewitness. *Lee v. State*, 124 Neb. 165, 245 N.W. 445 (1932); *Schultz v. State*, 88 Neb. 613, 130 N.W. 105 (1911); *Cherpinsky v. State*, 122 Neb. 52, 238 N.W. 917 (1931); *Froding v. State*, 125 Neb. 322, 250 N.W. 91 (1933); *Small v. State*, 165 Neb. 381, 85 N.W.2d 712 (1957). See, also, *State v. Konvalin*, 179 Neb. 95, 136 N.W.2d 227 (1965); *Wilshusen v. State*, 149 Neb. 594, 31 N.W.2d 544 (1948); *State v. Cannon*, 185 Neb. 149, 174 N.W.2d 181 (1970); *Buckley v. State*, 79 Neb. 86, 112 N.W. 283 (1907). The eyewitness in this case, the manager of the store, had a good opportunity to view the defendant at close range while the robbery was being committed. There was ample foundation for his testimony and the evidence was sufficient to sustain a finding of guilty beyond a reasonable doubt.

The defendant produced a psychologist as an expert witness and offered his testimony to prove that eyewitness identification testimony tends to be inaccurate and unreliable. After an offer of proof had been made outside the presence of the jury, the trial court sustained a motion in limine made by the State and refused to admit the testimony. The trial court found that the prejudicial effect of the testimony outweighed its probative value; that the issue was not a proper subject for expert testimony; and that the evidence would usurp the function of the jury.

The general rule is that expert testimony is admissible only if it will be of assistance to the jury in its deliberations and relates to an area not within the competency of ordinary citizens. If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, expert testimony may be admissible. Neb. Rev. Stat. § 27-702 (Reissue 1979). The expert testimony offered by the defendant in this case met none of those requirements. The accuracy or inaccuracy of eyewitness observation is a common experience of daily life. Such testimony would invade the province of the

jury. It is not surprising that almost no authority can be found to support the defendant's contention. The trial court did not err in sustaining the motion in limine.

The final assignment of error relates to the refusal of the trial court to grant immunity to Walter L. Goodwin, a witness tendered by the defense. According to defendant's counsel, if immunity had been granted, Goodwin would have testified that he had been a participant in the robbery and the defendant had not participated in the robbery.

Apparently, Goodwin was the otherwise unidentified companion of the defendant in the robbery. Goodwin was not prosecuted because evidence against him, which had been seized by the State, had been suppressed; and as a result of threats made to an identification witness, that witness refused to testify. Under the circumstances of this case, even if it be assumed that the trial court had the power to grant immunity to a defense witness, it was not error to refuse immunity to Goodwin in this case.

In *State v. McCown*, 189 Neb. 495, 203 N.W.2d 445 (1973), we recognized that immunity is an investigative tool that is solely a prerogative of the government. Its purpose is to permit the prosecution of offenses which could not otherwise be investigated or prosecuted.

It is generally held that immunity can be granted only pursuant to statutory authorization. See *United States v. Lenz*, 616 F.2d 960 (6th Cir. 1980). Under the Nebraska statute, Neb. Rev. Stat. § 29-2011.01 (Reissue 1979), the right to ask for immunity is conferred upon the prosecution only.

In *State v. Ammons, ante* p. 797, 305 N.W.2d 808 (1981), we noted that claims for defense witness immunity have been almost uniformly rejected by the courts.

There being no error, the judgment of the District Court is affirmed.

AFFIRMED.

McCOWN, J., concurs in result.