STATE OF NEBRASKA, APPELLEE, V.
JUAN BRADLEY, APPELLANT.

317 N.W.2d 99

Filed March 19, 1982. No. 44517.

David L. Herzog for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr for appellee.

Heard before BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and BRODKEY, J., Retired, and RONIN, District Judge, Retired.

BOSLAUGH, J.

After trial to a jury the defendant was found guilty of killing Joseph Johnson during the perpetration of or an attempt to perpetrate a robbery. He appeals from a sentence to life imprisonment.

The record shows that the defendant, Juan Bradley, and Brent Hubbard and Crystal Reynolds were together on the afternoon and early evening of March 8,

1981. The defendant stated that he wanted to rob someone in order to be able to buy some dope. Hubbard agreed to help commit the robbery. At around 8 p.m., Hubbard knocked on the front door of the house at 3110 Nicholas in Omaha, Nebraska. When the knock was answered, Hubbard attempted to gain entrance into the house several times but was unsuccessful. When he returned to the sidewalk where the defendant and Crystal were waiting, the defendant grabbed Hubbard, gave him a handgun, and said, "Make some money, man, make some money."

Shortly thereafter, Hubbard went to the home of the victim at 3111 Myrtle Street. When the victim answered the door, Hubbard apparently asked for directions. When the victim stepped out onto the porch, Hubbard shot the victim in the neck, inflicting a fatal wound. After the defendant and Crystal heard the shot they ran from the scene.

The defendant's principal assignment of error relates to his contention that the "felony murder rule," as applied in this state, is unconstitutional. The defendant argues that malice is an essential element of the crime, and since the purpose to kill is conclusively presumed from the criminal intention for the robbery, the rule against irrebuttable presumptions, stated in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S. Ct. 1881, 44 L. Ed. 2d 508 (1975), is violated.

The defendant relies upon a statement in *State v. Kauffman*, 183 Neb. 817, 164 N.W.2d 469 (1969), a post conviction case. The issue in the *Kauffman* case was whether premeditation and deliberation and a purpose to kill were elements of felony murder. *Kauffman* held that proof of premeditation and deliberation and a purpose to kill was not required in a prosecution for felony murder. The opinion stated at 818-19, 164 N.W.2d at 470: "These were prosecutions under section 28-401, R.R.S. 1943, providing that whoever in the perpetration of a robbery, shall kill another, shall be deemed guilty of murder in the first degree. The defendants in their

brief raise only one issue, that there was no evidence of intent to kill or premeditation. The victim of the robbery was bound, gagged, died from suffocation, and was not found until several days after the robbery. It is also true that the record reveals no intent to kill, deliberation, or premeditated malice. Such elements are unnecessary to prove or show in a prosecution under section 28-401, R.R.S. 1943. The turpitude involved in the robbery takes the place of intent to kill or premeditated malice, and the purpose to kill is conclusively presumed from the criminal intention required for robbery. Wilson v. State, 170 Neb. 494, 103 N.W.2d 258; Garcia v. State, 159 Neb. 571, 68 N.W.2d 151; Rogers v. State, 141 Neb. 6, 2 N.W.2d 529; Swartz v. State, 118 Neb. 591, 225 N.W. 766; South v. State, 111 Neb. 383, 196 N.W. 684; Keezer v. State, 90 Neb. 238, 133 N.W. 204; Rhea v. State, 63 Neb. 461, 88 N.W. 789; State v. Hall, 176 Neb. 295, 125 N.W.2d 918."

A more accurate statement of the rule is found in *State v. Montgomery*, 191 Neb. 470, 473, 215 N.W.2d 881, 883 (1974), where we said: "No specific intention is required to constitute felony murder other than the intent to do the act which constitutes the felony in question. In this instance that was the robbery." See, also, *State v. McDonald*, 195 Neb. 625, 636-37, 240 N.W.2d 8, 15 (1976), where we said: "All that must be proved on a felony murder charge is that a death occurred in the perpetration of one of the specific felonies listed in section 28-401, R.S. Supp., 1974. If those facts are not proven, the defendant is not guilty. . . . In a felony murder case, the proof of a particular mental state is not required as to the killing. See Garcia v. State, 159 Neb. 571, 68 N.W.2d 151."

The defendant's contention is without merit. As stated in *State v. Kauffman, supra*, proof of a purpose to kill is not required because it is not an element of the crime of felony murder. The only intent required is the intent to do the act which constitutes the felony during which the killing occurred.

The impact of *Mullaney v. Wilbur* upon felony murder was discussed at some length in *Evans v. State*, 28 Md. App. 640, 684-86, 349 A.2d 300, 329-30 (1975). As the court there noted: "The other forms of first degree murder [including felony murder] . . . are not mere pale reflections of wilful, deliberate and premeditated killing. They stand upon their own feet as self-sufficient *definitions* of murder in the first degree. Their own sets of circumstances do not constitute first-degree murder because wilfulness, deliberation and premeditation may somehow be inferred, presumed or implied, but because such wilfulness, deliberation and premeditation are irrelevant considerations and are flatly superfluous. . . . In [felony murder] it is the particular *actus reus*, the . . . means of the murder, which we have singled out for our gravest criminal sanction and not a particular *mens rea*. . . . [Felony murder has] been designated by statute as [an] independently self-sufficient [condition] to constitute murder in the first degree [and is], therefore, not remotely affected by anything in *Mullaney v. Wilbur*." (Emphasis supplied.)

The statement in *State v. Kauffman, supra,* that "the purpose to kill is conclusively presumed from the criminal intention required for robbery" is disapproved.

The defendant contends that it was error to permit Crystal Reynolds to testify because a sequestration order at a preliminary hearing had been violated and she had been in the courtroom during testimony by the victim's widow. The applicable rule was stated in *Miller v. State*, 169 Neb. 737, 743, 100 N.W.2d 876, 880 (1960), as follows: "'Failure of the court to enforce strict sequestration of witnesses is not ground for a new trial, where an abuse of discretion does not clearly appear, where no objection was made at the time, nor, even when proper objection is made, where accused is not prejudiced. So in the absence of a showing of resulting injury, a new trial is not required by the court's action in permitting a witness to testify who has failed to ob-

serve an order of sequestration, or in excluding such a witness from testifying.'"

There was no prejudice here because Reynolds' testimony related primarily to matters which took place before the killing. Mrs. Johnson's testimony was very brief and related only to the killing itself, which was not disputed.

The defendant's request that a form of special verdict be submitted to the jury was properly refused. Neb. Rev. Stat. § 25-1121 (Reissue 1979) has no application to criminal prosecutions.

The defendant also complains that an instruction to the jury defining attempt was erroneous. Instruction No. 9 was phrased in the language of Neb. Rev. Stat. § 28-201 (Reissue 1979). We find no error in the instruction.

There being no error, the judgment of the District Court is affirmed.

AFFIRMED.

KRIVOSHA, C.J., disqualified.