STATE OF NEBRASKA, APPELLEE, V. NOEL J. HEATHMAN, APPELLANT.

395 N.W.2d 538

Filed October 31, 1986.   No. 86-047.

Dennis R. Keefe, Lancaster County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the district court for Lancaster County in which the appellant, Noel J. Heathman, was charged with one count of escape. Appellant was found guilty and sentenced to the Department of Correctional Services for a period of 18 months.

Appellant's assignments of error may be summarized as follows: (1) The trial court erred in overruling the appellant's motions for change of venue due to pretrial publicity; (2) The court erred in requiring the appellant to remain in leg irons during trial; (3) The court erred in overruling the appellant's motion for mistrial due to prosecutorial misconduct during opening statements; and (4) The court erred in failing to instruct the jury that the elements of the offense of escape are escape from official detention after conviction for the commission of an offense.

The facts are as follows. During a preliminary hearing, counsel for the appellant moved for a change of venue on the basis of the pretrial publicity Heathman's escape had received. Newspaper clippings of the escape were offered and received into evidence. The motion was denied on the basis that there had been an insufficient showing of prejudice to justify a change of venue. There had been no survey of potential jurors, nor, in the eyes of the court, was any more publicity given the Heathman escape than that given other alleged criminal activities.

During the voir dire examination, the motion was renewed. The trial judge permitted the appellant's counsel to voir dire potential jurors in groups of six. While several of the potential jurors remembered hearing or reading something about the

appellant's escape, each person stated that he or she could be a fair and impartial juror. The motion for change of venue was again renewed, and counsel for the appellant refused to pass the panel for cause. The court held that no juror had been shown to have formed or expressed an opinion as to the guilt of Heathman, and although some members of the panel stated that they had knowledge of the incident, their knowledge was vague and indefinite. More importantly, each juror pledged to render a fair and impartial verdict. The trial court again overruled the motion for change of venue.

Appellant next objected to the court's order requiring the appellant to wear leg irons when in the presence of the jury. In response, the court stated:

> I think considering the nature of the charge and his expressed intentions, I don't know what other alternative there is to really provide for security. Do you have any suggestions? We have one, two, three, four doors into the courtroom. I suppose we're talking about, if we were to make sure he could not bolt and get away, I suppose we're talking about a minimum almost of six individuals as guards. I suppose the alternative is he's got the leg irons on.
>
> The other alternative is the courtroom looks like an armed camp. I don't know. Do you have any suggestions?
>
> MR. KEEFE: Well, I don't know that the courtroom has to look like an armed camp.
>
> THE COURT: Do you want to chain him to the window or something? I don't know.

The court permitted the arm shackles to be removed but required Heathman to remain in leg irons.

Next, appellant moved for mistrial during opening statements as a result of comments made by the prosecutor in his opening remarks. The State made reference to the fact that at the time of his escape Heathman was incarcerated after a conviction for kidnaping. After some discussion with regard to the relevance of counsel's remarks, the court denied the appellant's motion for mistrial and, at the request of the prosecutor, admonished the jury that the reference to Heathman's prior offense was irrelevant and should be totally

disregarded.

Finally, counsel for the appellant contends that the trial court erred in failing to instruct the jury that the elements of the offense of escape include official detention after conviction for the commission of an offense. The jury was instructed: "On or about the 9th day of September, 1984 in Lancaster County, Nebraska, the defendant, Noel Heathman, did unlawfully remove himself from official detention." Counsel for the appellant argued that the language "following conviction for the commission of an offense" must be included in the instruction as an essential element of the crime of escape under Neb. Rev. Stat. § 28-912 (Reissue 1985). The trial court held that under *State v. Schneckloth, Koger, and Heathman*, 210 Neb. 144, 313 N.W.2d 438 (1981), the language at issue would go only to the penalty phase of the proceedings and, therefore, should not be included in the instruction on the essential elements of the crime of escape. We affirm.

Addressing appellant's first assignment of error, appellant contends that he was denied a fair and impartial jury due to the extensive pretrial publicity his escape received. We have often repeated, most recently in *State v. Irish*, 223 Neb. 578, 391 N.W.2d 137 (1986), that a motion for change of venue is addressed to the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion. Looking to the record of the voir dire, we find no abuse of discretion.

In *State v. Ell*, 196 Neb. 800, 246 N.W.2d 594 (1976), we set out an analysis of the factors to be taken into account in the consideration of a motion for change of venue. They include: (1) the nature of the publicity; (2) the degree to which the publicity has circulated throughout the community; (3) the degree to which publicity has circulated to areas to which venue could be changed; (4) the length of time between the dissemination of the publicity and the date of the trial; (5) the care exercised and the ease encountered in the selection of the jury; (6) the severity of the charge; and (7) the size of the area from which venire is drawn.

Applying the *Ell* analysis to the facts of the case at hand, we note that the publicity centered around the method of the escape and the effects of the escape upon the prison, not

primarily upon Heathman himself. The defense counsel examined the potential jurors in groups of six with respect to the issue of pretrial publicity. Of the 24 persons on the panel, only 12 recalled hearing something about the case, and their knowledge was vague and indefinite. None could remember specific details. See *State v. Kirby*, 185 Neb. 240, 175 N.W.2d 87 (1970). Each member of the panel was able to commit himself or herself to rendering a fair and impartial verdict. None had formed or expressed any opinion as to the defendant's guilt.

To secure a change of venue the defendant must show that pretrial publicity has made it impossible to secure a fair and impartial jury. *State v. Fallis*, 205 Neb. 465, 288 N.W.2d 281 (1980); *State v. Rife*, 215 Neb. 132, 337 N.W.2d 724 (1983). It is not required that the jurors be completely ignorant of the facts of the case. It is sufficient that the jurors are able to lay aside their impressions or opinions and render a verdict based solely upon the evidence adduced at trial. *State v. Navarrete*, 221 Neb. 171, 376 N.W.2d 8 (1985); *State v. Torrence*, 192 Neb. 213, 219 N.W.2d 772 (1974), *cert. denied* 420 U.S. 928, 95 S. Ct. 1127, 43 L. Ed. 2d 399 (1975). We find no merit in this assignment of error.

The appellant's second assignment of error centers upon the trial court's requirement that Heathman remain in leg irons while in the presence of the jury. An examination of the record makes clear that the trial court chose the least restrictive means available. In *State v. Weikle*, 223 Neb. 81, 388 N.W.2d 110 (1986), we faced circumstances very similar to the case at hand. In *Weikle* there were inmate witnesses in the courtroom to testify, and the appellant there also had expressed an intent to escape. There, we held the action of the trial court to be both reasonable and prudent to ensure the safety of all involved.

In *South v. State*, 111 Neb. 383, 196 N.W. 684 (1923), this court held that a defendant should be free from shackles during a criminal prosecution *unless they are necessary to prevent violence or escape*. As we noted in *Weikle*, not every practice that tends to single out the accused must be struck down. *Estelle v. Williams*, 425 U.S. 501, 96 S. Ct. 1691, 48 L. Ed. 2d 126 (1976). In light of this case law and in view of the court's consideration on the record of the available alternative,

Heathman's expressed intent to escape again, and his criminal history, we can find no error in the court's decision to require Heathman to remain shackled during the course of the trial.

The appellant argues that the trial court placed the burden upon him to demonstrate why he should not be shackled, instead of placing the burden upon the State to demonstrate why he should be shackled. We disagree. In the dialogue with defense counsel, the court recited the considerations it felt required the shackling and invited defense counsel to refute those considerations. No burden was unfairly placed on the appellant. The action of the district court was correct.

Focusing upon appellant's third assignment of error, the trial court's refusal to grant a mistrial on the ground of prosecutorial misconduct, again we find no error in the court's action. Exactly what was said by the prosecutor is not known, as the opening statement was not reported. All seem to agree that the remark addressed itself to the status of appellant and the crime for which he was incarcerated. As was noted above, the proper curative measures were taken by the trial court. The two cases cited by the appellant in his brief differ critically from the case at hand. In *Stennett v. State*, 340 So. 2d 67 (Ala. 1976), no curative measures were taken by the trial court after the jury was told by the State in opening remarks that it was about to hear a case about the defendant's selling marijuana. In *State v. Boss*, 195 Neb. 467, 238 N.W.2d 639 (1976), the prosecutor made reference to the defendant's prior conviction. There was no motion for mistrial, objection, or request for a cautionary instruction.

At trial, evidence was introduced to show that Heathman was incarcerated, that he escaped, and that he was subsequently returned to the penitentiary by an officer of the Department of Correctional Services, after apprehension in California. Evidence was adduced to show that the appellant had been committed and was an inmate, after commitment to the Department of Correctional Services, on the date of the escape. Evidence established that Heathman had no permission to be absent from the penitentiary on that date. A witness testified to observing two persons climbing along the outside wall on the date of the escape. Testimony also established that appellant

was not in his cell during a count of the inmates on that date and was absent until being returned on December 19, 1984.

In light of the overwhelming evidence adduced at trial with reference to the facts of the escape, we cannot say that Heathman was in any way prejudiced by the prosecutor's remarks. *State v. Gregory*, 220 Neb. 778, 371 N.W.2d 754 (1985). A motion for mistrial will be addressed to the sound discretion of the trial court. Absent an abuse of that discretion, the trial court's ruling will not be disturbed on appeal. *State v. Ammons*, 208 Neb. 812, 305 N.W.2d 812 (1981). Appellant has not met his burden of showing that he was prejudiced by this alleged error. *State v. LeBron*, 217 Neb. 452, 349 N.W.2d 918 (1984).

Appellant's final assignment of error involves the court's instruction with regard to the elements of the crime of escape. Appellant argues that the instruction that he escaped from official detention should have been an escape from official detention after the conviction for the commission of an offense. This assignment of error centers around the case of *State v. Schneckloth, Koger, and Heathman*, 210 Neb. 144, 313 N.W.2d 438 (1981). The appellants there contended that the government did not allege the proper elements of the crime of kidnaping to justify the convictions. Specifically, the informations were defective in that they did not allege that the victim was liberated alive. There, we rejected the appellants' argument that Neb. Rev. Stat. § 28-313 (Reissue 1985) set out two different offenses, one in which the victim was liberated alive and one in which the victim was not. Focusing upon the statute which governs the crime of kidnaping, we noted that subsection (1) defines the offense; subsection (2) sets out the basic penalty; and subsection (3) sets out a mitigating factor, the liberation of a live victim, which, if applicable, permits the sentencing court to impose a lesser sentence. Appellant contends that our interpretation of the kidnaping statute in *Schneckloth* was erroneous and the same reasoning cannot be used in the case at hand. We disagree. As this court stated in *Schneckloth*, the view that the kidnaping statute defines only one offense is the better reasoned approach and the view which is supported by the case law. We adhere to that interpretation.

We find no support for the appellant's contention that the escape statute defined two separate offenses: one in which the defendant escaped from official detention and one in which the defendant escaped from official detention after conviction for the commission of an offense. Section 28-912 reads:

(1) A person commits escape if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period. Official detention shall mean arrest, detention in or transportation to any facility for custody of persons under charge or conviction of crime or contempt or for persons alleged or found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes; but official detention does not include supervision of probation or parole or constraint incidental to release on bail.

(2) A public servant concerned in detention commits an offense if he knowingly permits an escape. Any person who knowingly causes or facilitates an escape commits a Class IV felony.

(3) Irregularity in bringing about or maintaining detention, or lack of jurisdiction of the committing or detaining authority shall not be a defense to prosecution under this section if the escape is from a prison or other custodial facility or from detention pursuant to commitment by official proceedings. In the case of other detentions, irregularity or lack of jurisdiction shall be a defense only if:

(a) The escape involved no substantial risk of harm to the person or property of anyone other than the detainee; and

(b) The detaining authority did not act in good faith under color of law.

(4) Except as provided in subsection (5) of this section, escape is a Class IV felony.

(5) Escape is a Class III felony where:

(a) The detainee was under arrest for or detained on a felony charge or following conviction for the commission of an offense; or

(b) The actor employs force, threat, deadly weapon, or other dangerous instrumentality to effect the escape; or

(c) A public servant concerned in detention of persons convicted of crime purposely facilitates or permits an escape from a detention facility or from transportation thereto.

In our opinion the escape statute defines one offense and, as does the kidnaping statute, sets out factors which, if present, simply change the range of the penalty. The escape statute is structurally similar to the kidnaping statute, and prior interpretations of § 28-912 support this conclusion. E.g., *State v. Schlothauer*, 206 Neb. 670, 294 N.W.2d 382 (1980); *State v. White*, 209 Neb. 218, 306 N.W.2d 906 (1981); *State v. Coffman*, 213 Neb. 560, 330 N.W.2d 727 (1983).

In summary, appellant has not shown that any of the above claimed errors are meritorious. The judgment and sentence are affirmed.

AFFIRMED.

KRIVOSHA, C.J., concurring in the result.

I concur in the result reached by the majority in this case. I write separately, however, because I do not wish it to be understood that I agree that as a general rule one charged with escape should be shackled during the trial. For reasons more fully set out in my dissent in *State v. Weikle*, 223 Neb. 81, 388 N.W.2d 110 (1986), I do not believe that one charged with escape should be shackled absent evidence that the defendant intends to try to escape from court and there is no other reasonable method of restraining him.

In the instant case Heathman was found outside the walls of the prison. Unlike the facts in *State v. Weikle, supra,* the evidence in this case was so overwhelming that shackling Heathman could not prejudice his case. Where, however, the evidence is not clear that an escape has occurred, as was the case in *State v. Weikle, supra,* shackling the defendant simply sends a message to the jury which, in my view, is prejudicial to the defendant's rights. Because Heathman was not prejudiced by the shackling, I concur in the majority's conclusion that the judgment and sentence should be affirmed.