## MOGIS v. LYMAN-RICHEY SAND & GRAVEL CORP.

### No. 14182.

United States Court of Appeals Eighth Circuit.

June 28, 1951.

Swenson, Viren & Turner, Omaha, Neb., for the appellant Einar Viren, Omaha, Neb., argued.

Kennedy, Holland, DeLacy & Svoboda, Omaha, Neb., for the appellee Leo Eisenstatt and Yale C. Holland, Omaha, Neb., argued.

Before COLLET and STONE, Circuit Judges, and DELEHANT, District Judge.

PER CURIAM.

On May 18, 1951, this Court, 189 F.2d 130, affirmed the judgment of the District Court, 90 F.Supp. 251. June 2, 1951, appellant filed a petition for rehearing. Included in the grounds urged in this petition are that "this court erred in overruling appellant's motion to stay the proceedings until a construction of the Nebraska filing statute could be obtained in the courts of the State of Nebraska, and the appellant further urges that the court erred in affirming the action of the district court in dismissing the appellant's complaint rather than remanding the cause with directions to hold pending decision of the state question in the state court."

Several months before argument and submission of this appeal, appellant filed a motion requesting further time to file his briefs and moving "that the Court not hear and determine this appeal, until a reasonable time has passed, during which a conclusive interpretation by the Nebraska State Courts can be sought on the question of Nebraska law presented to this Court in this appeal." As an exhibit and part of this motion was attached a petition in the District Court of Lancaster County, Nebraska, filed by Albert Tady against the

1. Bates v. Batte, 5 Cir., 187 F.2d 142; Peay v. Cox, 5 Cir., 190 F.2d 123.

Nebraska State Railway Commission, its officers and members for a declaratory judgment determining the legal duties of the Commission "in respect to the filing of motor carrier rates fixed by the Nebraska State Railway Commission with the Secretary of State of Nebraska and the applicability of Chapter 84–901 to Chapter 84–906, to rates fixed and established by the Railway Commission; and that the Court declare the legal effect and validity of the motor carrier rates issued and prescribed by the Nebraska State Railway Commission and purporting to be presently effective but not filed with the Secretary of State of Nebraska; and that in the event the Court should find that Official Motor Vehicle Tariff No. 3, together with its amendments, should be filed by the Railway Commission with the Secretary of State, then in that event," an order is prayed requiring such filing.

In so far as this motion sought "to stay these proceedings pending the determination of another action by the Supreme Court of Nebraska", appellee moved this Court to "dismiss and overrule appellant's motion". This Court denied stay sought by appellant; granted further time for briefs and reassigned the setting of this appeal to the later March 1951 term. The case was then presented and submitted.

■ We think we have no power to grant the stay thus sought. This case is purely one at law seeking a personal judgment for money. Only in "exceptional cases," Meredith v. Winter Haven, 320 U.S. 228, 234, 64 S.Ct. 7, 11, 88 L.Ed. 9, is it not the duty of federal courts "to decide questions of state law whenever necessary to the rendition of a judgment" (same citation). "The exceptions relate to the discretionary powers of courts of equity," 320 U.S. at page 235, 64 S.Ct. at page 11. Had we power to suspend or stay decision here (in some proper form and upon suitable terms) we would be inclined so to do.

Because of lack of power as to this ground for rehearing and for lack of merit in the other grounds presented in the petition, the petition for rehearing is

Denied.