ESTHER N. GENTRY ET AL., APPELLEES, V. STATE OF NEBRASKA, APPELLANT, IMPLEADED WITH THE SUPERIOR OIL COMPANY, A CORPORATION, APPELLEE.

118 N. W. 2d 643

Filed December 14, 1962. No. 35255.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellant.

Lovell & Raymond and Atkins, Ferguson & Nichols, for appellees Gentry et al.

Wright, Simmons & Hancock, for appellee Superior Oil Co.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is a proceeding in equity brought by Esther N. Gentry and Julia Joyce Brashear, hereinafter designated as plaintiffs, embracing two causes of action. The defendants are the State of Nebraska, hereinafter designated as State, and The Superior Oil Company, a corporation, hereinafter referred to as Superior.

The first cause of action seeks to quiet title in the plaintiffs to certain mineral rights under land owned by the plaintiffs. The second cause of action is for an accounting of rents and profits received by the State under a purported oil lease from Superior. The State demurred to both causes of action. The demurrer was overruled, and the State answered as to the first cause of action and elected to stand on the demurrer as to the second cause of action. Superior filed a motion for summary

judgment as to the second cause of action which was sustained and it was dismissed from the action. The plaintiffs filed a motion for summary judgment on both causes of action, which was sustained. Title to the mineral rights was quieted in the plaintiffs, as prayed in the first cause of action. Judgment was entered on the second cause of action against the State in the amount of $8,320. The State has perfected an appeal directed only to the judgment entered on plaintiffs' second cause of action.

By contracts dated June 6, 1917, the State of Nebraska sold Section 16, Township 20 North, Range 54 West of the 6th P. M., in Scotts Bluff County, Nebraska. These contracts contained a mineral rights reservation. On February 11, 1919, the amounts due on the contracts were fully paid and the land was conveyed without the mineral rights reservation. Through mesne conveyances each of the plaintiffs became the owner of an undivided one-half interest in said property. On July 9, 1956, the Board of Educational Lands and Funds leased the mineral rights to Superior for a primary term of 10 years with delay rentals in the amount of $1,664 per year. Up to the time of this action Superior had paid delay rentals to the State in the amount of $8,320. This is the exact amount of the judgment entered against the State on plaintiffs' motion for summary judgment on its second cause of action. As suggested, this appeal is limited to the judgment on plaintiffs' second cause of action.

The principal question presented and the only one briefed or argued by the State is whether the district court had jurisdiction of plaintiffs' second cause of action.

Article V, section 22, Constitution of Nebraska, provides: "The state may sue and be sued, and the legislature shall provide by law in what manner and in what courts suits shall be brought." This provision permits the state to lay its sovereignty aside and consent to be sued on such terms and conditions as the Legislature may

prescribe. This provison of the Constitution is not self-executing. Legislative action is necessary to make it available. See State ex rel. Davis v. Mortensen, 69 Neb. 376, 95 N. W. 831.

Pursuant to this provision, the Legislature has enacted what is now section 24-319, R. R. S. 1943, which, so far as material herein, reads as follows: "The several district courts of the judicial districts of the state shall have jurisdiction to hear and determine (1) all claims against the state filed therein which have previously been presented to the Auditor of Public Accounts, and have been in whole or in part rejected or disallowed; (2) all claims or petitions for relief that may be presented to the Legislature, and which may be by any law, or by any rule or resolution of the Legislature, referred to either of said courts for adjudication; (3) all set-offs, counterclaims and claims for damages, liquidated or unliquidated, on the part of the state against any person making a claim against the state, or against the person in whose favor such claim arose; (4) all cases where the State of Nebraska shall have a lien or any other interest, apparent or real, upon or in any real estate in said state, wherein any party may desire to have said lien or interest of the state fixed and determined or foreclosed and cut off; and permission is hereby given to any party to join the state as a party in any such actions or proceedings in such courts involving real estate in or upon which the state has, appears to have, or claims any interest or lien; * * *." The last, or fifth, classification clearly could not be material or applicable herein, and so is not set out.

It is evident that the plaintiffs' second cause of action, whether it is one for an accounting or for damages, does not fall within the five enumerated classifications set out in the statute. The first provision requires the presentation of a claim to the Auditor of Public Accounts. This has not been done. The second covers claims presented to the Legislature. This claim has

never been presented to the Legislature. The third provision covers claims for damages on the part of the state, which obviously this is not. The fourth provision involves situations where an attempt is made to determine, foreclose, or cut off a lien. Plaintiffs' first cause of action, which is not involved in this appeal, falls within that classification, but their second cause of action does not. The fifth classification involves bonds or obligations of political subdivisions and is not remotely involved.

In State v. Stout, 7 Neb. 89, this court held that the above statute "* * * includes all the various claims and demands on which the state may be sued * * *." See, also, State ex rel. Davis v. Mortensen, 69 Neb. 376, 95 N. W. 831, and citations set out hereinafter on strict construction.

It being quite evident that the action at bar is not within any of the classifications mentioned in the statute, the district court had no jurisdiction of the second cause of action unless for some reason the constitutional provision involved is not the controlling one. Plaintiffs seek to avoid its operation on the theory that this action is controlled by Article I, section 21, Constitution of Nebraska, which prohibits the state from taking or damaging property for public use without just compensation. We have held that this constitutional provision (Article I, section 21) is self-executing and that legislative enactment is not necessary to give it effect. Schmutte v. State, 147 Neb. 193, 22 N. W. 2d 691.

The material allegations of plaintiffs' petition are the following: "* * * that by reason of the aforesaid lease, the defendants have wrongfully encumbered plaintiffs' aforesaid mineral interest so as to discourage any other person or persons, firms or corporations from entering into a valid oil and gas lease with the plaintiffs; that the reasonable rental value of the plaintiffs' aforesaid mineral interest in, on and under Section 16, Township 20 North, Range 54, West of the 6th P. M., Scotts Bluff

County, Nebraska, since January 9, 1956, has been at least $1,664.00 per year, and that plaintiffs have been damaged because of the aforesaid void oil and gas lease entered into between the defendants, and that the defendants should be required to account to the plaintiffs for all rents and profits paid and received as a result of said void oil and gas lease, * * *."

It seems apparent that plaintiffs' petition does not allege any taking of property, and none seems to be involved. For Article I, section 21, Constitution of Nebraska, then to be applicable, the jurisdiction must be based upon damage to the property. There is no question, if plaintiffs' property has been damaged *for public use,* they are entitled to compensation. Gledhill v. State, 123 Neb. 726, 243 N. W. 909.

Plaintiffs in their brief state as follows: "* * * appellees' second cause of action is an action to recover damages sustained and an accounting for rents and profits wrongfully received by the Board of Educational Lands and Funds by reason of the unlawful and unauthorized use of appellees' mineral rights without just compensation." The prayer of plaintiffs' petition was not for damages but that the defendants be required to account to the plaintiffs for all rents and profits paid as a result of said lease.

The only allegation in plaintiffs' motion for summary judgment applicable to the second cause of action is paragraph 3 of their motion, which is as follows: "That as to the second cause of action, the plaintiffs are not requesting that the Court enter any judgment against the defendant, The Superior Oil Company, a corporation, excepting only insofar as the plaintiffs are praying that the Court enter an Order determining that the delay rentals in the total amount of $8,320.00 heretofore paid by the defendant, The Superior Oil Company, a corporation, to the defendant, State of Nebraska, constitute rents and profits received by the defendant, State of Nebraska, and in its possession, to which the plaintiffs are entitled

pursuant to the oil and gas lease entered into between the defendants which wrongfully encumbered plaintiffs' property."

As we interpret the allegations of plaintiffs' petition set out herein, they are seeking an accounting for rents received by the State on the assumption that damage is apparent and that they are entitled to the benefits of the lease. We find no allegation, and certainly there is no showing, that plaintiffs' property has been damaged for public use. This clearly would be a type of action involving Article V, section 22, rather than Article I, section 21, Constitution of Nebraska.

Plaintiffs' allegation of damage is a general statement and appears to be restricted to the allegation that the State has wrongfully encumbered plaintiffs' mineral interest. If we consider this as an action for damages for wrongfully encumbering plaintiffs' title, we have a slander of title action. While there may be a question as to whether this is a true slander of title action because no false and malicious statement is alleged, it is analogous to Norton v. Kanouff, 165 Neb. 435, 86 N. W. 2d 72, which we held to be a slander of title action. In that case we held: "The 1-year statute of limitations applicable to actions for libel and slander is equally applicable to actions for slander of title." In the case at bar, the affidavit of one of the plaintiffs states that she knew of the lease in July of 1959. The affidavit of the other plaintiff is substantially to the same effect. This action was not filed until March 24, 1961, or 1 year and 8 months after the lease had come to plaintiffs' knowledge. Consequently, the action was filed too late and would be subject to demurrer.

If we were to find the district court had jurisdiction of plaintiffs' second cause of action, which we do not, there is a very cogent reason why the summary judgment herein cannot stand. There is no evidence in this record as to the amount of damages sustained by plaintiffs. None of the pleadings or affidavits set out the

actual damage alleged to be sustained. There is no showing that Superior ever did more than file the lease for record. The plaintiffs have proceeded herein on the theory that whatever the State collected is their damage, but have urged no reasons why this would be so. The trial court accepted this theory and entered a summary judgment for the exact amount of the delay rentals, $8,320.

On what theory can we hold, without proof of actual damage, that plaintiffs were damaged in exactly the amount of the delay rental paid the State by Superior? Was the transaction handled without expense to the State? Does Superior have a claim against the State for these payments? If the State had no right to lease the property, what did Superior receive for its delay rental payments? Certainly the interests of the plaintiffs in the mineral rights were not conveyed to Superior. How much of the delay rental payment is consideration for the right to continue the lease for the remaining 5 years of its term? These questions do not need to be answered herein, but they serve to point up the fallacy of assuming plaintiffs' damage to be the delay rental payments. It should be apparent that if the stage for proof of damages is ever reached, it would require the introduction of evidence to prove the actual damage.

Plaintiffs also argue that where a court of equity has obtained jurisdiction of a cause for any purpose, it will retain it for all purposes. The State concedes the first cause of action was within the statute, therefore plaintiffs insist the court had jurisdiction of the second cause of action. Our obvious answer to this argument is that the consent of the State is limited and cannot be broadened by broad equitable principles. In Frye v. Sibbitt, 145 Neb. 600, 17 N. W. 2d 617, we said at page 610: "Statutes authorizing suits against the state are to be strictly construed. In Anstine v. State, 137 Neb. 148, 288 N. W. 525, this court quoted with approval the following from 59 C. J., sec. 460, p. 303: '* * * it is usually said that

statutes authorizing suit against the state are to be strictly construed, since they are in derogation of the state's sovereignty. * * *.' "

To permit the use of broad equitable principles to avoid this rule would, borrowing the language found at page 153 of Anstine v. State, 137 Neb. 148, 288 N. W. 525, on another point, "* * * operate to encroach upon the state's sovereign rights, injuriously affect its capacity to perform its functions, and would establish a right of action against it in the manner which should not be permitted."

The brief of amicus curiae argues that the State, in its capacity of trustee of school funds, is a different entity from its sovereign capacity. It contends that the State, as a trustee, should be subject to the same procedural statutes, etc., as other trustees and should not be immune from suit or protected from suit as a sovereign. A sufficient answer to this argument is found in State ex rel. Walker v. Board of Commissioners, 141 Neb. 172, 3 N. W. 2d 196, in which we said: "The state as trustee of public property and funds cannot be sued without its consent."

For the reasons set out above, we find that the judgment entered for the plaintiffs against the State on the second cause of action should be vacated, and that the demurrer of the State to plaintiffs' second cause of action should be sustained and plaintiffs' second cause of action dismissed.

REVERSED AND DISMISSED.