REQUESTED BY: Dear Senator Carsten:
In your letter of March 6, 1979, you ask whether the amendment to Article VIII, section 1, of the Nebraska Constitution adopted at the 1978 general election is self-executing. We conclude that it is.
The amendment provides that when a political subdivision authorized to levy a tax or cause a tax to be levied lies in two or more counties, and one or more of such counties have not completed a general reappraisal of all land and improvements within two years of one another, the State Board of Equalization and Assessment shall fix separate and distinct tax levies so that the county which has most recently completed a general reappraisal of all lands and improvements shall provide the same percentage of the political subdivision's budget as it provided prior to such reappraisal. The amendment further provides that for all tax years commencing on or after January 1, 1981, the state board shall not be empowered to fix separate and distinct levies, but shall annually review and equalize assessments of property among counties.
LB 242 is, for all intents and purposes, in the exact language of the constitutional provision. Your question is whether the passage of LB 242 is necessary to make the constitutional provision operative. We conclude that it is not.
Our court has, from time to time, held various constitutional provisions to be either self-executing or not self-executing. In Maher v. State, 144 Neb. 463,133 N.W.2d 641 (1944), the court held that the constitutional provision for a speedy trial was self-executing, and that the interpretation of that provision was for the court, but that since the time fixed by the Legislature was not unreasonable the court would adopt it as its own.
On the other hand, in Gentry v. State, 174 Neb. 515,118 N.W.2d 643 (1962), the court held that a constitutional provision that the state may use and be sued, and the Legislature should provide by law in what manner and in what courts suit shall be brought was not self-executing. As you will note, the constitutional provision in that case specifically provided for legislative action. No such action is mentioned in the constitutional provision we are concerned with, and, as a matter of fact, in view of the specific directions given in the constitutional provision, we do not see how any leeway is left for legislative alterations. This is pointed up by the fact that the statute to implement the constitutional provision is in the exact words of that provision. We do not therefore believe that LB 242 would in any way affect the duties of the state board, as outlined in the constitutional amendment.