STATE OF NEBRASKA, APPELLEE, V. LARRY S. COFFMAN, APPELLANT.

330 N.W.2d 727

Filed February 25, 1983. No. 82-142.

Thomas M. Kenney, Douglas County Public Defender, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and WARREN, D.J.

CAPORALE, J.

Defendant-appellant, Larry S. Coffman, appeals from a conviction on the charge of escape. We affirm.

On April 2, 1981, the defendant was assigned on work release to the Omaha Post Care Center while a prisoner at the Nebraska Penal and Correctional Complex. On April 26, 1981, he failed to return to the Omaha Post Care Center. He was later arrested and charged with escape under the provisions of Neb. Rev. Stat. § 28-912 (Reissue 1979). That statute in pertinent part provides: "(1) A person commits escape if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period. Official detention shall mean arrest, detention in or transportation to any facility for custody of persons under charge or conviction of crime or contempt or for persons alleged or found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes; but official detention does not include supervision of probation or parole or constraint incidental to release on bail."

Defendant argues that as work release is a form of parole, there was insufficient evidence to convict him of escape under the statute cited above. In taking that position he relies upon a series of Attorney General's opinions which advise that for the purpose of determining who has power to grant work release, it is a form of parole. First, it is to be noted that although an Attorney General's opinion is entitled to substantial weight and is to be respectfully considered, it nonetheless has no controlling authority on the state of the law discussed in it, and standing alone is not to be regarded as legal precedent or authority of such character as is a judicial decision. An Attorney General's opinion is, simply, not a judicial utterance. *Follmer v. State,* 94 Neb. 217, 142 N.W. 908 (1913); *Mogis v. Lyman-Richey*

*Sand & Gravel Corp.,* 189 F.2d 130 (8th Cir. 1951), *re-hearing denied* 190 F.2d 202, *cert. denied* 342 U.S. 877, 72 S. Ct. 168, 96 L. Ed. 659; 7 Am. Jur. 2d *Attorney General* § 11 (1980).

The question is one of statutory construction. As reiterated in a recent case dealing with escape, *State v. Farr,* 209 Neb. 163, 306 N.W.2d 854 (1981), we must, in construing a statute, keep certain rules in mind. The first of these is that a sensible construction will be placed upon a statute to effectuate the object of the legislative intent rather than a literal meaning which would have the effect of defeating such intent. See, also, *Hill v. City of Lincoln, ante* p. 517, 330 N.W.2d 471 (1983). Further, legislative intent, when apparent from the whole statute, is not to be thwarted by strained and unusual interpretations of particular words not required under the circumstances. If possible, a court will try to avoid a construction which leads to absurd, unjust, or unconscionable results. A statute should be construed in the context of the object sought to be accomplished, the evils and mischiefs sought to be remedied, and the purpose to be served. *State v. Farr, supra.*

The construction urged by defendant metamorphoses from the merely absurd to the outrageously farcical. Whatever work release may be for the purpose of determining who is empowered to grant it, there can be, and is, no question that for the purpose of determining whether one has escaped it is but "temporary leave."

While on work release a prisoner remains subject to the supervision, control, and custody of the Penal and Correctional Complex. Neb. Rev. Stat. § 83-184 (Reissue 1981) in pertinent part provides: "(1) When the conduct, behavior, mental attitude and conditions indicate that a person committed to the department and the general society of the state will be benefited, and there is reason to believe that the best interests of the people of the state and the person committed to the department will be served

thereby, in that order, and upon the recommendation of the Board of Parole in the case of each committed offender, the Director of Correctional Services may authorize such person, under prescribed conditions, to:

. . . .

"(b) Work at paid employment or participate in a training program in the community on a voluntary basis . . . ." Neb. Rev. Stat. § 83-183(2) (Reissue 1981) provides: "The Director of Correctional Services shall make rules and regulations governing the hours, conditions of labor, and the rates of compensation of persons committed to the department. In determining the rates of compensation, such regulations may take into consideration the quantity and quality of the work performed by such person, whether or not such work was performed during regular working hours, the skill required for its performance, as well as the economic value of similar work outside of correctional facilities." See, also, *State v. Mayes,* 190 Neb. 837, 212 N.W.2d 623 (1973), which holds that the failure to return to a treating facility after temporary leave constitutes an escape from custody.

Defendant was on temporary leave and subject to the control and custody of the penal complex. When he did not return to the Omaha Post Care Center he had obviously escaped. Defendant's argument may be cunning, but it is so devoid of substance as to render this appeal wholly frivolous.

The judgment of the trial court is correct and is affirmed.

AFFIRMED.