REQUESTED BY: Charles Benson, Director of the Department of Correctional Services.
Is it necessary that the State of Nebraska Board of Parole conduct hearings which might result in the removal of a state prisoner from a Department of Correctional Services Post Care Program established pursuant to Neb. Rev. State. 83-184
(Reissue 1981)?
No.
This office has on numerous occasions in the past issued opinions stating that it was necessary under both our state constitution and the specific language of Neb. Rev. Stat. § 83-184 (Reissue 1979), for the State of Nebraska Board of Parole (hereinafter `Board of Parole') to approve the placement of any prisoner committed to the custody of the Department of Correctional Services (DCS) in a program where that prisoner will not be under the direct supervision or custody of DCS personnel. E.g., Nebraska Attorney General Opinion #152, 1981. However this series of opinions distinguished the status of a prisoner placed in a § 83-184 program from a prisoner who receives a statutory `parole' pursuant to Neb.Rev.Stat. § 83-188 et seq. (Reissue 1979). ID. This distinction has also been recognized by our state's Supreme Court in State v. Coffman, 213 Neb. 560, ___ N.W.2d ___ (1983). In that case the court recognized that a prisoner housed at a DCS post care facility `remains subject to the supervision, control and custody? of DCS and was not on `parole.' Id., 213 Neb. at 562.
Under § 83-184 the sole necessary function of the Board of Parole is to recommend or approve a prisoner's placement on a post care program. The ultimate decision as to whether a prisoner is moved to such a program rests entirely with DCS. Housand v. Sigler, 186 Neb. 414, 183 N.W.2d 493
(1971). It is our opinion that the decision as to whether a prisoner should be removed from a post care program may be made solely by DCS personnel.
Some level of process should, in all likelihood, be afforded the post care prisoner as a part of the removal determination procedure, but he need not be afforded that level of process by the Board of Parole as he is clearly not a § 83-188 `parolee' or subject to Board of Parole supervision. In our opinion, whatever level of process it is determined the prisoner is entitled to could appropriately be provided the prisoner by an individual or group of individuals employed by DCS. The Board of Parole need not be the decision making entity insofar as post care removals are concerned.
Very truly yours, PAUL L. DOUGLAS Attorney General J. Kirk Brown Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General