CAROL WORLEY, APPELLANT, V. CITY OF OMAHA, A
MUNICIPAL CORPORATION, ET AL., APPELLEES.
348 N.W.2d 123

Filed April 20, 1984. No. 83-599.

James E. McBride and Jon B. Abbott, for appellant.

Herbert M. Fitle, Omaha City Attorney, and Kent N. Whinnery, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.
This is an appeal from the judgment of the district court for Douglas County, Nebraska, upholding the decision of the board of trustees of the City of Omaha Employees Retirement System denying to appellant, Carol Worley, a certain lump sum death benefit claimed under the city's employees' retirement system.

Appellant's husband, James Worley, passed away on June 11, 1981. The appellant, his wife of approxi-

mately 4 months, and his minor son survived him. It is conceded by all parties that the minor son is entitled to pension benefits until he reaches his 18th birth date and that appellant, as beneficiary, is entitled to a $5,000 lump sum death benefit, but, as a surviving spouse, is not entitled to pension benefits, since the marriage at death was of a shorter duration than 1 year.

At issue is the construction of § 22-37(a) and (b) of the city code of the City of Omaha, which is set out as follows:

Sec. 22-37. Lump sum death benefit.

(a) Upon the death of a member not receiving a retirement pension whose spouse or children qualify for pension benefits under section 22-36, his beneficiary shall be entitled to receive a death benefit, in a lump sum in the amount of five thousand dollars ($5,000.00).

(b) Upon the death of a member not receiving a retirement pension whose spouse or children do not qualify for pension benefits under section 22-36, such member's beneficiary shall be entitled to receive an amount payable in a lump sum, equal to member's total contributions including interest thereon, plus a death benefit in the sum of five thousand dollars ($5,000.00).

As can be seen, § 22-37(a) is a comparatively straightforward example of legislative draftsmanship. It seems clear that if either the spouse *or* children of the deceased employee are eligible to receive a pension, the beneficiary (a person or the estate of the deceased employee named in writing by the employee) is entitled to receive a $5,000 death benefit only.

However, in the drafting of § 22-37(b) the scrivener accomplished that most difficult of tasks in declarative writing, that of attaining the precise opposite of that which was intended.

If the intent of § 22-37(a) was to allow the bene-

ficiary the sum of $5,000 only, when the spouse or child was eligible to receive a pension, then, logically, § 22-37(b) must have been intended to allow an additional amount (i.e., the employee's contributions), plus $5,000, where *neither* the spouse *nor* the child or children are eligible to receive a pension.

The lower court was correct in following the obvious intent of the ordinance rather than a technical interpretation, stemming from poor draftsmanship, which would lead to an incongruous result. We have frequently held that when a statute is ambiguous and must be construed, recourse should be had to the legislative history for the purpose of discovering the intent of lawmakers. See, *Adkisson v. City of Columbus*, 214 Neb. 129, 333 N.W.2d 661 (1983); *North Star Lodge #227 v. City of Lincoln*, 212 Neb. 236, 322 N.W.2d 419 (1982). Furthermore, we have said that "this court will, if possible, try to avoid a construction which leads to absurd, unjust, or unconscionable results." *Adkisson v. City of Columbus, supra* at 134, 333 N.W.2d at 665. See, also, *State v. Coffman*, 213 Neb. 560, 330 N.W.2d 727 (1983).

Recently, in the case of *Hill v. City of Lincoln*, 213 Neb. 517, 521-22, 330 N.W.2d 471, 474 (1983), we said, "A sensible construction will be placed upon a statute to effectuate the object of legislation, rather than a literal meaning that would have the effect of defeating the legislative intent. . . .

. . . .

". . . 'It is axiomatic that there is no such thing as "free money." ' "

The district court's order is correct and it is affirmed.

AFFIRMED.

WHITE, J., dissenting.

Under the guise of statutory construction the majority has successfully found ambiguity where none exists, supplied terms to a document that the drafter did not see fit to set forth, and interpreted an ordinance to mean the exact opposite of what it says.

The wording of § 22-37(b) of the city code of the City of Omaha is clear. I would not have discovered a different meaning.

SHANAHAN, J., joins in this dissent.