ROBERT E. PRUCHA AND CATHY L. PRUCHA,
HUSBAND AND WIFE, APPELLANTS, V.
LLOYD H. KAHLANDT, AS TRUSTEE OF THE
LLOYD H. KAHLANDT REVOCABLE TRUST,
AND MARY E. KAHLANDT, AS TRUSTEE OF THE
MARY E. KAHLANDT REVOCABLE TRUST, APPELLEES.

618 N.W. 2d 399

Filed September 15, 2000.    No. S-99-694.

Jeffrey H. Bush for appellants.

Michael J. Tasset, of Johnson and Mock, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

Robert E. Prucha (Prucha) and Cathy L. Prucha filed an appeal from a decision rendered by "fence viewers," who are individuals appointed by the county to settle disputes over fences. The fence viewers ordered the installation of a new fence

along the boundary line between the Pruchas' property and adjoining land owned by Lloyd H. Kahlandt (Kahlandt) and Mary E. Kahlandt. The district court for Burt County determined that the Pruchas had failed to proceed by petition in error, and thus the court lacked jurisdiction over the matter. The Pruchas now appeal. We granted the Pruchas' petition to bypass. See Neb. Rev. Stat. § 24-1106(2) (Reissue 1995).

## BACKGROUND

The Pruchas and the Kahlandts own adjoining land in Burt County, Nebraska. The Kahlandts' land lies west of the Pruchas' land, and the boundary between the two properties extends one-half mile. The Kahlandts raise cattle on their land. The Pruchas built a house on part of their land and also use their land for recreational purposes. The Pruchas do not raise any livestock.

In June 1996, Kahlandt approached Prucha regarding the condition of an old barbed wire fence along the western boundary between the Pruchas' land and the Kahlandts' land. Kahlandt believed the fence was in a state of disrepair. A dispute arose between the parties over what to do about the condition of the fence. Thereafter, Kahlandt requested that fence viewers be assigned to resolve the controversy regarding the fence.

Fence viewers are individuals who are assigned to resolve fence disputes between adjoining landowners. The county clerk appoints a panel of at least six individuals to serve as fence viewers. Neb. Rev. Stat. § 34-106 (Reissue 1998). All members of the panel must be owners of agricultural land, and at least three members of each panel must be owners of livestock. *Id.* When a fence dispute arises, the landowner may make a written request that the county clerk assign three fence viewers from the panel to resolve the dispute. Neb. Rev. Stat. § 34-107 (Reissue 1998). Fence viewers assigned to settle a dispute may not be related by blood or marriage to the contending parties, or have a financial interest in the outcome of the dispute. *Id.*

Pursuant to § 34-107, three fence viewers were appointed to view the fence between the Pruchas' land and the Kahlandts' land and settle the controversy. On June 20, 1998, the fence viewers viewed the fence and took statements from both parties. Prucha told the fence viewers that he did not want a new fence

installed and did not want any of the trees on his property removed due to the installation of a new fence. The fence viewers then entered a decision determining that a "lawful barbed wire fence" be installed along the boundary line between the two properties. Each party was to pay 50 percent of the $6,870 cost of the fence. The Kahlandts were to be responsible for maintenance on the south half of the fence and the Pruchas for the north half of the fence. Construction of the fence was to commence 2 weeks following the filing of the fence viewers' decision with the Burt County clerk. The fence viewers' decision was filed with the county clerk on July 28.

On July 29, 1998, the Pruchas filed an appeal of the fence viewers' decision with the Burt County District Court, alleging that the division fence statutes are unconstitutional as applied in this case and that the fence viewers' decision was arbitrary and unreasonable. The Pruchas also filed a motion for temporary injunction, requesting that the court enjoin the Kahlandts from acting upon the fence viewers' decision. The Pruchas claimed that installation of the fence as ordered by the fence viewers would require the bulldozing of trees along the Pruchas' property line. The court overruled the Pruchas' motion for temporary injunction on September 1, 1998.

A trial was scheduled for April 14, 1999. Prior to trial, however, the Kahlandts made a motion to dismiss for lack of jurisdiction, asserting that the Pruchas were required to proceed by petition in error, rather than by appeal. The court, with the agreement of the parties, reserved ruling on the jurisdictional issue and proceeded to hear evidence offered by the parties. The Pruchas offered exhibit 28 into evidence, a videotape depicting fences that the Kahlandts have on other properties. The Kahlandts objected to this exhibit as irrelevant, and the objection was sustained.

On May 24, 1999, the court issued an order dismissing the Pruchas' appeal. The court determined that the Pruchas were required to proceed under the petition in error statutes and that they had failed to follow the procedural requirements of those statutes. Because the Pruchas did not follow the petition in error statutes, the court determined that it lacked jurisdiction. As a result, the court granted the Kahlandts' motion to dismiss with-

out ruling on the constitutionality of the division fence statutes or the Pruchas' claim that the fence viewers' decision was arbitrary and unreasonable. The Pruchas appeal.

## ASSIGNMENTS OF ERROR

The Pruchas claim, rephrased and summarized, that the district court erred in (1) dismissing the case for lack of jurisdiction, (2) failing to grant the Pruchas' motion for temporary injunction, (3) failing to address the claim that the fence viewers' decision was arbitrary and unreasonable, (4) failing to address the constitutional challenges to the division fence statutes, and (5) failing to admit exhibit 28 into evidence.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Custom Fabricators v. Lenarduzzi*, 259 Neb. 453, 610 N.W.2d 391 (2000).

## ANALYSIS

### JURISDICTION

The Pruchas claim the trial court erred in determining that the court lacked jurisdiction over the matter because the Pruchas did not follow the procedures of the petition in error statutes, Neb. Rev. Stat. §§ 25-1901 to 25-1908 (Reissue 1995 & Cum. Supp. 1998). Section 25-1901 provides, "A judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court may be reversed, vacated, or modified by the district court . . . ."

The trial court found that the decision of the fence viewers was a decision of a "tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court," requiring the Pruchas to follow the procedural requirements of §§ 25-1903 and 25-1905. Section 25-1903 provides in part:

> The proceedings to obtain such reversal, vacation or modification shall be by petition entitled petition in error, filed in a court having power to make such reversal, vacation or modification, setting forth the errors complained of,

and thereupon a summons shall issue and be served, or publication made, as in the commencement of an action.

Section 25-1905 provides in part:

> The plaintiff in error shall file with his or her petition a transcript of the proceedings or a praecipe directing the tribunal, board, or officer to prepare the transcript of the proceedings. The transcript shall contain the final judgment or order sought to be reversed, vacated, or modified.

The trial court determined that it did not have jurisdiction over the matter because the Pruchas failed to follow the requirements set forth in §§ 25-1903 and 25-1905.

■ The Pruchas claim that they were not required to proceed by petition in error because Neb. Rev. Stat. § 34-108 (Reissue 1998) provides a right of appeal from a decision of fence viewers. This section provides in part, "Any person affected by an order of the fence viewers may appeal to the district court within ten days after the date such order is filed." The Pruchas claim that because § 34-108 provides for a right of appeal but simply fails to provide a procedure for prosecuting such appeal, they are able to maintain their appeal to the district court and are not required to proceed by petition in error. Neb. Rev. Stat. § 25-1937 (Reissue 1995) provides in relevant part:

> When the Legislature enacts a law providing for an appeal without providing the procedure therefor, the procedure for appeal to the district court shall be the same as for appeals from the county court to the district court in civil actions. Trial in the district court shall be de novo upon the issues made up by the pleadings in the district court.

This section provides the procedure for appeal when a statute confers a right to appeal but fails to prescribe the procedure. *School Dist. of Wilbur v. Pracheil*, 180 Neb. 121, 141 N.W.2d 768 (1966).

Section 34-108 clearly provides for a right of appeal from the fence viewers' decision, but does not provide a procedure therefor. Thus, under § 25-1937, the procedure for appeal to the district court in this case is the same as for appeals from the county court to the district court in civil actions, with trial in the district court de novo upon the issues framed by the pleadings.

Furthermore, while a petition in error must be filed within 30 days after the rendition of final judgment, see *Abdullah v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 545, 513 N.W.2d 877 (1994), an appeal from the decision of fence viewers must be filed within 10 days from the date that the decision is filed with the county clerk pursuant to § 34-108. The 10-day time limit provided in § 34-108 is inconsistent with requiring the Pruchas to proceed by petition in error.

For these reasons, we determine that the trial court erred in concluding that the Pruchas were required to proceed by petition in error and in dismissing the Pruchas' claim for lack of jurisdiction.

### TEMPORARY INJUNCTION

The Pruchas next assert that the trial court erred in failing to grant the Pruchas' motion for temporary injunction. However, we need not reach this issue as it is moot. A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation. *Hron v. Donlan*, 259 Neb. 259, 609 N.W.2d 379 (2000). A moot case is one which seeks to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive. *Id.*

At oral argument, both parties agreed that the trees which were the subject of the motion for temporary injunction have already been removed. Although this fact is not contained in the record, an appellate court may consider agreed circumstances presented to it in brief or argument. See *Putnam v. Fortenberry*, 256 Neb. 266, 589 N.W.2d 838 (1999). Since both parties have agreed that the trees have been removed, the issue of the temporary injunction is moot.

### REMAINING ASSIGNMENTS OF ERROR

An appellate court will not consider an issue on appeal that was not passed upon by the trial court. *Torres v. Aulick Leasing*, 258 Neb. 859, 606 N.W.2d 98 (2000). Because neither the constitutionality of the division fence statutes nor the Pruchas' claim that the fence viewers' decision was arbitrary and unreasonable were determined by the trial court, we do not consider these issues on appeal.

372

Finally, we decline to consider the Pruchas' remaining assign-ment of error as it is unnecessary to the disposition of the appeal. See *Gestring v. Mary Lanning Memorial Hosp.*, 259 Neb. 905, 613 N.W.2d 440 (2000).

## CONCLUSION

For the foregoing reasons, we reverse the trial court's deci-sion dismissing the Pruchas' case for lack of jurisdiction and remand this cause to the trial court for further proceedings con-sistent with this opinion.

REVERSED AND REMANDED
FOR FURTHER PROCEEDINGS.