STATE OF NEBRASKA EX REL. GUS LAMM
AND AUDREY LAMM, APPELLANTS,
V. NEBRASKA BOARD OF PARDONS ET AL., APPELLEES.

620 N.W. 2d 763

Filed January 5, 2001. No. S-99-251.

Paula B. Hutchinson for appellants.

Don Stenberg, Attorney General, and J. Kirk Brown for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Gus Lamm and Audrey Lamm appeal from an order of the Lancaster County District Court which denied and dismissed their petition for writ of mandamus. The petition sought an order directing the Nebraska Board of Pardons (Board) and its individual members to accord the Lamms the right to make an oral or written statement at a proceeding of the Board concerning the application for commutation of sentence of Randolph K. Reeves. At that time, Reeves was facing the death penalty for the first degree murders of Janet Mesner and Victoria Lamm. Gus Lamm is the widower of Victoria Lamm, and Audrey Lamm is Victoria's daughter.

## SCOPE OF REVIEW

■ A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Prucha v. Kahlandt, ante* p. 366, 618 N.W.2d 399 (2000).

## FACTS

In their petition for writ of mandamus, the Lamms claimed that at the Board's January 11, 1999, meeting, it considered whether to grant a hearing on the commutation application filed by Reeves. The Board voted to deny Reeves' request for a hearing and then considered and denied his commutation application. At no time during this proceeding did the Board permit the Lamms to make an oral or written statement.

On January 12, 1999, the Lamms filed a petition for writ of mandamus in Lancaster County District Court, alleging, inter alia, that Neb. Const. art. I, § 28, provided the Lamms the right to be informed of, be present at, and make an oral or written statement at the commutation proceedings. The Lamms claimed that the Board had refused to allow them to make an oral or written statement. They asserted that when they attempted to make such statement at the commutation proceeding, the chairman of the Board ruled that their statements were out of order and refused to hear or consider such statements.

The Lamms alleged that Neb. Rev. Stat. § 20-148 (Reissue 1997) provides a civil remedy for violations of the Nebraska Constitution, including article I, § 28. The Lamms further alleged that the execution of Reeves prior to the Lamms' being given an opportunity to address the Board would render the Lamms' constitutional rights meaningless. The Lamms claimed that they had no adequate remedy at law and therefore requested that the district court issue a writ of mandamus directing the Board to allow the Lamms to make an oral or written statement at commutation proceedings in connection with the Reeves case.

The district court denied and dismissed the Lamms' petition on the basis that the court lacked subject matter jurisdiction. The Lamms timely appealed.

## ASSIGNMENTS OF ERROR

The Lamms assert that the district court erred (1) in holding that it lacked subject matter jurisdiction based on its legal conclusion that § 20-148 does not contemplate actions against state actors; (2) in holding that the Lamms were not entitled to relief based on its conclusion that the Board has the discretion to deny a hearing to an applicant for commutation of sentence; (3) in holding that the Lamms were not entitled to relief based on the fact that the Legislature has not provided a remedy under article I, § 28; (4) in holding that the Lamms were not entitled to relief based on its finding that they are not victims as defined in Neb. Rev. Stat. § 29-119 (Cum. Supp. 2000); and (5) in finding that the Lamms were attempting to assert their rights under article I, § 28, on behalf of Reeves, in contravention of the express language of article I, § 28.

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. McCracken, ante* p. 234, 615 N.W.2d 902 (2000). While it is not a constitutional prerequisite for jurisdiction, the existence of an actual case or controversy is necessary for the exercise of judicial power. *Hron v. Donlan,* 259 Neb. 259, 609 N.W.2d 379 (2000). Thus, we must first determine whether our decision in *State v. Reeves,* 258 Neb. 511, 604 N.W.2d 151 (2000), has rendered this appeal moot.

A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation. *Prucha v. Kahlandt, ante* p. 366, 618 N.W.2d 399 (2000). A moot case is one which seeks to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive. *Id.* As a general rule, a moot case is subject to summary dismissal. *Hron v. Donlan, supra.*

The Lamms are seeking a writ of mandamus directing the Board to allow them to make an oral or written statement at Reeves' commutation proceeding. However, in *Reeves,* we vacated the death sentences imposed upon Reeves for both of the counts of which he remains convicted. Since Reeves has not

been resentenced, his commutation application, which sought to commute his death sentence to a life sentence, is no longer applicable. Thus, we cannot grant the relief requested by the Lamms in their petition for writ of mandamus. Accordingly, this case is moot.

 However, an appellate court may review an otherwise moot case if it involves a matter affecting the public interest or when other rights or liabilities may be affected by its determination. *Hron v. Donlan, supra.* The public interest exception to the rule precluding consideration of issues on appeal due to mootness requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem. See *Hauser v. Hauser,* 259 Neb. 653, 611 N.W.2d 840 (2000).

We determined that the public interest exception applied in *State v. Woods,* 255 Neb. 755, 587 N.W.2d 122 (1998). In *Woods,* we found that an authoritative construction of the statute at issue was necessary to guide public officials, resolve public concerns, and prevent a recurrence of the uncertainty that was evident from the case at hand. Accordingly, we proceeded to the merits of an otherwise moot issue. Applying such considerations to the case at bar, we conclude that the public interest exception applies.

In its order, the district court determined that the Legislature had not provided for the implementation of the rights granted in article I, § 28, and that, therefore, there was no remedy available to the Lamms. We conclude that this determination was correct and therefore affirm the district court's denial and dismissal of the petition for writ of mandamus. Accordingly, we do not address or consider the other issues raised or determined by the district court.

This action was brought to enforce rights alleged to exist under article I, § 28, which provides:

> (1) A victim of a crime, as shall be defined by law, or his or her guardian or representative shall have: The right to be informed of all criminal court proceedings; the right to be present at trial unless the trial court finds sequestration necessary for a fair trial for the defendant; and the right to be informed of, be present at, and make an oral or written

statement at sentencing, parole, pardon, commutation, and conditional release proceedings. This enumeration of certain rights for crime victims shall not be construed to impair or deny others provided by law or retained by crime victims.

(2) The Legislature shall provide by law for the implementation of the rights granted in this section. There shall be no remedies other than as specifically provided by the Legislature for the enforcement of the rights granted by this section.

(3) Nothing in this section shall constitute a basis for error in favor of a defendant in any criminal proceeding, a basis for providing standing to participate as a party to any criminal proceeding, or a basis to contest the disposition of any charge.

A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Prucha v. Kahlandt, ante* p. 366, 618 N.W.2d 399 (2000). We therefore proceed to independently analyze the determination made by the district court.

The Board argues that since the Legislature has not specifically provided for implementation of the rights granted in article I, § 28, the district court was correct in concluding that it lacked subject matter jurisdiction to entertain the Lamms' cause of action. The Lamms argue that either § 20-148 or a writ of mandamus under Neb. Rev. Stat. § 25-2156 (Reissue 1995) should be used as a remedy to cure the violation of their rights under article I, § 28.

Section 20-148 provides:

(1) Any person or company, as defined in section 49-801, except any political subdivision, who subjects or causes to be subjected any citizen of this state or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the United States Constitution or the Constitution and laws of the State of Nebraska, shall be liable to such injured person in a civil action or other proper proceeding for redress brought by such injured person.

(2) The remedies provided by this section shall be in addition to any other remedy provided by Chapter 20, article 1, and shall not be interpreted as denying any person the right of seeking other proper remedies provided thereunder.

The Board contends that §§ 20-148 and 25-2156 were not specifically enacted to enforce the rights created by article I, § 28.

The language of article I, § 28, is clear and unambiguous. The Legislature is required to provide for the implementation of the rights set forth therein. Moreover, unless the Legislature specifically so provides, there are no remedies for enforcement of the rights granted by article I, § 28.

Clearly, §§ 20-148 and 25-2156 were both available prior to June 25, 1996, the effective date of article I, § 28. Section 20-148 was adopted by the Legislature in 1977, and § 25-2156 was established by Rev. Stat. § 645 (1867). Since neither § 20-148 nor § 25-2156 was specifically provided by the Legislature as a means for enforcement of the rights granted by article I, § 28, neither of them can be asserted as a means for such enforcement.

■ A constitutional provision is not self-executing if such provision merely indicates a line of policy or principles without supplying the means by which such policy or principles are to be carried into effect, if the language of the constitutional provision is directed to the Legislature, or if the language of a constitutional provision indicates that subsequent legislation is contemplated or necessary for effectuation of such provision. *Indian Hills Comm. Ch. v. County Bd. of Equal.*, 226 Neb. 510, 412 N.W.2d 459 (1987). For example, in *Patteson v. Johnson*, 219 Neb. 852, 857, 367 N.W.2d 123, 127 (1985), we held that Neb. Const. art. V, § 22, which provides that " '[t]he state may sue and be sued, and the Legislature shall provide by law in what manner and in what courts suits shall be brought' " was not self-executing. We stated that legislative action was necessary to make such provision available. See, also, *Gentry v. State*, 174 Neb. 515, 118 N.W.2d 643 (1962).

We also applied this principle in *Wiseman v. Keller*, 218 Neb. 717, 358 N.W.2d 768 (1984). In *Wiseman*, we stated that the legislative history of § 20-148 indicated that the major focus of the statute was to wipe out private acts of discrimination by private

employers, thus excluding the state. Accordingly, we concluded that § 20-148 does not waive the sovereign immunity of the State of Nebraska as to actions brought in federal court under 42 U.S.C. § 1983 (Supp. IV 1998) to protect rights under the Contract Clause in article I, § 10, of the U.S. Constitution and property interests protected under the 14th Amendment to the U.S. Constitution.

By analogy, we conclude that article I, § 28, is not self-executing. Article I, § 28, requires that the Legislature provide for the implementation of the rights granted therein and that there should be no remedies other than those specifically provided by the Legislature for the enforcement of those rights. Since the Legislature has not specifically enacted any laws to implement the rights granted in article I, § 28, with respect to commutation proceedings before the Board, there are no remedies available for enforcement of such rights.

 Subject matter jurisdiction is a court's power to hear a case. *Ferguson v. Union Pacific RR. Co.*, 258 Neb. 78, 601 N.W.2d 907 (1999). When a lower court lacks authority to exercise its subject matter jurisdiction so as to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Id.* The question of a court's subject matter jurisdiction does not turn solely on the court's authority to hear a certain class of cases, such as dissolution of marriage or accounting actions; it also involves determining whether a court is authorized to address a particular question that it assumes to decide or to grant the particular relief requested. *Ryan v. Ryan*, 257 Neb. 682, 600 N.W.2d 739 (1999). Because the district court could not grant the particular relief requested by the Lamms, the court correctly determined that it lacked subject matter jurisdiction over this matter.

## CONCLUSION

For the reasons set forth herein, we affirm the judgment of the district court.

AFFIRMED.